United States District Court
Southern District of Texas

**ENTERED**

November 17, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEWELL THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00129 |
| | § | |
| JERRY SANCHEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's Complaint (D.E. 1, 16) for initial screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A. On August 18, 2022, United States Magistrate Julie K. Hampton issued a Memorandum and Recommendation (M&R, D.E. 17), recommending that Plaintiff's action be dismissed and counted as a strike. Plaintiff timely filed his objections (D.E. 22, 23), each of which is addressed below.

First, Plaintiff objects that the Magistrate Judge failed to consider his need for mental health counseling as a serious medical need that triggers Eighth Amendment liability. D.E. 22, p. 3 (referencing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Plaintiff is mistaken. The M&R does not treat mental heath issues as any different from medical issues. Rather, the M&R's reasoning is that, whether it is a medical or mental health need, liability for deliberate indifference cannot be shown on the basis of a disagreement regarding the nature of treatment. Defendants sought to treat Plaintiff's mental illness with

1 / 9

medication, which Plaintiff refused.  Nothing in the law allows an inmate to dictate the type of treatment he receives for his malady by simply refusing all other alternatives.  Such a course of conduct does not demonstrate deliberate indifference of the prison's medical or mental health care personnel.  The first objection is **OVERRULED**.

Second, Plaintiff objects that requiring him to ingest medications for his illness subjects him to side effects that amount to cruel and unusual punishment.  D.E. 22, p. 4 (citing *Rogers v. Evans*, 792 F.2d 1052, 1055 (11th Cir. 1986)).  In *Rogers*, the inmate's parents and lawyer objected to certain medications being involuntarily administered, due to their belief that the medications were accompanied by toxic side effects, some of which were observed in the inmate's response to treatment.  Because of those objections, the health care professional discontinued that treatment and switched to placebos, leaving the underlying mental health condition untreated.  The inmate's condition rapidly deteriorated, resulting in her death.  While the Eleventh Circuit considered that situation to raise a question of fact on deliberate indifference, that is not the situation here.

Plaintiff's argument—that being forced to endure toxic side effects is cruel and unusual punishment—has no application here because he is not being forced to take the medications.  His refusal of medication is being honored.  So he is not being forced to endure cruel and unusual punishment via medication side effects.  Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff complains that, as a result of the stand-off regarding medication, Defendants are not treating him at all, claiming that this failure to treat is an Eighth

Amendment violation, citing *Rogers* and *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005). D.E. 22, pp. 4-6. In contrast to the inmates in *Rogers* and *Greeno*, Plaintiff has not alleged that his condition is deteriorating in such a way as to require treatment to avoid a substantial risk of serious harm. Plaintiff's third objection is **OVERRULED**.

Fourth, Plaintiff objects that the M&R concludes that any offer of treatment, however ineffective, eliminates a claim for deliberate indifference. D.E. 22, p. 6. That is not what the M&R states nor is it the import of the ruling. Rather, the claimant must plead deliberate indifference to a substantial risk of serious harm. Because Plaintiff's claim combines evidence of some effort to treat the complaint and no suggestion of a substantial risk of serious harm, the pleading is insufficient to make Defendants' actions violative of the Eighth Amendment. Plaintiff has not pled that the suggested medication is ineffective or that he does, in fact, suffer side-effects that contra-indicate prescription of the medication. Neither has he pled, on the other hand, that counseling and psychotherapy is effective for his complaints. He merely alleges that he deems one better than the other. This does not demonstrate deliberate indifference on the part of medical professionals. Plaintiff's fourth objection is **OVERRULED**.

Fifth, Plaintiff objects that Defendant Rea engaged in a consistent pattern of reckless and/or negligent conduct that, because of its repetition, amounts to deliberate indifference. D.E. 22, p. 7. As noted in the M&R and the discussion above, Plaintiff's complaints regarding Defendants' response to his mental health condition involves deliberate indifference. Characterizing the conduct complained of as a consistent pattern adds

nothing to the analysis in this case.  There is no denial that Plaintiff suffers from mental heath issues.  There can be no dispute that Defendants sought to treat that condition with medication that Plaintiff refused.  The fact that they consistently recommend that he take medication that they believe will address his condition and provide more benefit than detriment is the opposite of deliberate indifference.   Plaintiff's fifth objection is **OVERRULED**.

Sixth, Plaintiff objects to the recommended dismissal of his claims against Dr. Kwarteng, arguing that he has supervisory responsibility for personnel and policies involved in mental health care and should have better trained his subordinates.  D.E. 22, p. 8.  He characterizes his objection as a "disagreement" with the M&R and he reiterates his position on the issues.  But he has failed to point out with particularity any legal or factual error in the Magistrate Judge's analysis.  This is not a sufficient objection.  Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993).  It is **OVERRULED**.

Seventh, Plaintiff objects that the failure to provide counseling and psychotherapy is a matter of understaffing that exhibits deliberate indifference.  D.E. 22, pp. 10 (as to Dr. Kwarteng), 14 (as to Warden Sanchez).  Nowhere in Plaintiff's amended complaint (D.E. 5) or Spear's hearing testimony (D.E. 16), did Plaintiff complain of understaffing of mental health resources.  Generally, a claim raised for the first time in objections to an M&R is not properly before the district court and therefore is waived. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also, e.g., Place v. Thomas*, No. 2-40923, 2003 WL

342287, at *1 (5th Cir. Jan. 29, 2003) (per curiam).   The seventh objection is **OVERRULED**.

Eighth, Plaintiff objects to the characterization of his position on medical treatment as a "mere disagreement" with the healthcare professionals.  D.E. 22, p. 11.  He states that he should not have to be treated as a guinea pig in Defendants' research and development regarding psychiatric treatment.  *Id*.  This argument does not comport with the high bar Plaintiff must plead and eventually prove with respect to deliberate indifference.  The pleading indicates that the healthcare professionals believed that Plaintiff would be best treated with medication.  They took his complaints seriously, met with him to discuss treatment, recommended a treatment they believed would be most effective, and honored his refusal of that treatment.

More specifically, Plaintiff testified as follows:

> THE COURT: Do you remember what the medication was, the oral medication you talked about that she wanted you to get on?
>
> MR. THOMAS: We never got that far. However, they commonly use Cymbalta. That's one of the favorites. Cymbalta and Effexor.
>
> THE COURT: But did she specify which one she wanted you to get on?
>
> MR. THOMAS: She did not. I didn't let her get that far.

D.E. 16, p. 21.  Plaintiff's assertions that the medications caused allergic responses or other adverse side-effects are conclusory and not entitled to any force or effect when it is clear that Plaintiff did not even allow the healthcare professionals to name the medication(s) they

recommended.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff's refusal of medication is, therefore, a mere disagreement.  His eighth objection is **OVERRULED**.

Ninth, Plaintiff objects because Dr. Kwarteng should have recommended that Plaintiff be transferred to another unit for treatment.  D.E. 22, p. 11.  For this proposition, he cites *Muhammed v. United States*, 6 F. Supp. 2d 582, 584 (N.D. Tex. 1998).  Muhammed suffered from disabilities that affected his ability to ambulate and climb stairs.  He was assigned to a facility that was not handicapped-accessible and, therefore, repeatedly suffered personal injuries.  This is not an analogous case because Plaintiff's pleadings do not support his argument that he is suffering additional injuries because Defendants cannot treat him at his current assigned facility.  He has refused treatment.  Muhammed would not have been entitled to prevail if appropriate facilities had been available and he simply refused to use them.  Plaintiff's ninth objection is **OVERRULED**.

Tenth, Plaintiff objects because Dr. Kwarteng should be held responsible for failing to establish policies and procedures whereby inmates with psychological problems would be seen by a psychiatrist making daily rounds of the facility.  D.E. 22, p. 12.  This argument is not accompanied by any authority for such a standard of care in prison facilities.  It is further contrary to the deliberate indifference standard, which requires that the defendant know about a substantial risk of serious harm before a duty to treat is triggered.  The tenth objection is **OVERRULED**.

Eleventh, Plaintiff objects to the dismissal of claims against Warden Sanchez because he is responsible for all programs and services at the facility and the failure to

provide the psychological counseling Plaintiff seeks is the result of systemic deliberate indifference, arbitrariness, and abuse of power.  As already discussed, Plaintiff's claims do not rise to the level of deliberate indifference.  Without this premise, the claims cannot be extrapolated to show a systemic problem for which Warden Sanchez might have supervisory responsibility.  Plaintiff's eleventh objection is **OVERRULED**.

Twelfth, Plaintiff objects to the dismissal of claims against Bryan Collier, Executive Director of the Texas Department of Criminal Justice.  D.E. 22, pp. 16-19.  More specifically, he claims that Collier violated Texas Revised Civil Statutes, §§ 6166a, 6166g, and 6166t governing prison management (statutes that have been repealed).  As a preliminary matter, this issue was not raised prior to the M&R and was therefore waived. *United States v. Armstrong*, 951 F.2d at 630.  Also, in the course of making that objection, Plaintiff acknowledges that a § 1983 claim provides a remedy for violation of the United States Constitution and federal laws. *Id*., pp. 16-17.  A violation of state law, without more, will not justify federal judicial intervention through § 1983. *Smith v. Sullivan*, 611 F.2d 1039, 1045 (5th Cir. 1980).

Additionally, Plaintiff does not address municipal liability in anything other than an impermissibly conclusory manner.  D.E. 22, p. 9.  And his complaints regarding his medical care are insufficient to raise a constitutional violation, as set out above.  Plaintiff's twelfth objection is **OVERRULED**.

In his thirteenth and fourteenth objections, Plaintiff objects to the dismissal of his claims against Defendant Collier under the Americans with Disabilities Act (ADA) and

Rehabilitation Act (RA) based on respondeat superior.  D.E. 22, pp. 20-21.  His arguments are conclusory, merely reiterate his position, and do not address the bases for the Magistrate Judge's recommendation.  His thirteenth and fourteenth objections are **OVERRULED**.

Fifteenth, Plaintiff asks that the Court remove the "strike" from its dismissal.  D.E. 23.  He does not provide any argument for this other than a reference to his other objections.  As the Court has overruled the other objections, and because the Court finds the claims to be frivolous or that the allegations fail to state a claim on which relief may be granted, the Court **OVERRULES** the objection seeking relief from the strike.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly,

(1) Plaintiff's § 1983 claims for money damages against Dr. Kwarteng, Sanchez, and Rea in their official capacities are **DISMISSED** as barred by the Eleventh Amendment; and

(2) Plaintiff's Eighth Amendment and ADA/RA claims against Defendants in their respective individual and official capacities are **DISMISSED**

with prejudice as frivolous and/or for failure to state a claim for relief pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1).

(3) It is **ORDERED** that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and the Clerk of Court is **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

This action is **DISMISSED** in its entirety.

ORDERED on November 17, 2022.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE