United States District Court
Southern District of Texas
**ENTERED**
December 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEWELL THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00129 |
| | § | |
| JERRY SANCHEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTIONS TO AMEND AND TO ALTER AND AMEND THE JUDGMENT**

Plaintiff Jewell Thomas is a Texas inmate appearing *pro se* and *in forma pauperis*. In this prisoner civil rights action, Plaintiff asserts claims against Defendants under the Eighth Amendment, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(b)(5)(A), and the Rehabilitation Act (RA), 29 U.S.C. § 794. Pending before the Court is Plaintiff's Motion for Leave to Amend the Complaint and Motion to Alter or Amend the Judgment. (D.E. 27).

## I. BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division. Plaintiff's allegations in this case arose in connection with his current assignment to the McConnell Unit in Beeville, Texas.

Plaintiff filed his amended complaint on June 10, 2022, naming the following defendants: (1) Senior Warden Jerry Sanchez (Sanchez); (2) Dr. Isaac Kwarteng (Dr.

Kwarteng); (3) TDCJ Executive Director Bryan Collier (Collier); and (4) Leah Rea (Rea), a mental health clinician. (D.E. 5). Plaintiff claimed that he was not provided with proper psychological, mental health treatment, and appropriate accommodations for such, in violation of his civil rights. With respect to his Eighth Amendment, ADA, and RA claims, Plaintiff sought monetary relief in his Original Complaint.

On August 18, 2022, the undersigned issued a Memorandum and Recommendation (M&R), recommending that: (1) Plaintiff's § 1983 claims for money damages against Dr. Kwarteng, Sanchez, and Rea in their official capacities be dismissed as barred by the Eleventh Amendment; (2) Plaintiff's Eighth Amendment and ADA/RA claims against Defendants in their respective individual and official capacities be dismissed with prejudice as frivolous and/or for failure to state a claim for relief pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1); and (3) the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g). (D.E. 17).

Thereafter, Plaintiff filed objections to the M&R (D.E.s 22, 23). On November 17, 2022, United States District Judge Nelva Gonzales Ramos overruled Plaintiff's objections and adopted the M&R. (D.E. 25). That same day, Judge Ramos entered final judgment against Plaintiff and closed this case. (D.E. 26).

## II. DISCUSSION

On December 12, 2022, following the dismissal of this action, Plaintiff moved for court leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a) and

attaches "Plaintiff's Second Amended Complaint" to the motion. (D.E. 27-1). Plaintiff seeks to rehash the Eighth Amendment and ADA/RA claims against Defendants Sanchez, Rea, Kwarteng, and Collier and seeks to add a claim against a new Defendant, Dr. Lanette Linthicum. He adds no new information against existing Defendants and seeks to add Defendant Linthicum under a *respondeat* superior theory. (*Id*.).

In the same filing, Plaintiff also has filed a motion to alter or amend the final judgment pursuant to Federal Rule of Civil Procedure 59(e). (D.E. 27).

Requests for leave to amend a complaint are ordinarily governed by Rule 15(a). *See Lewis c. Brazoria County Sheriff's Office*, No. H-10-5014, 2012 WL 12994979, at *1 (S.D. Tex. Jan. 6, 2012). Rule 59(e), in turn, serves the narrow purpose of allowing a party to bring errors of newly-discovered evidence to the Court's attention after a final judgment has been entered. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). A Rule 59(e) motion to alter or amend a final judgment "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004).

In this case, Plaintiff seeks to amend his complaint after the Court has entered final judgment. However, "[o]nce a final judgment has been entered, a plaintiff may seek to amend only by appealing or by seeking to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59 or 60." *See United States v. Martinez*, 696 F. App'x 153, 154 (5th Cir. 2017) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir.

2003)). Thus, it is improper to grant Plaintiff's Rule 15(a) motion for leave to amend his complaint. *Garcia Estrada v. Dretke*, No. C-04-687, 2008 WL 189965, at *1 (S.D. Tex. Jan. 22, 2008) (citing *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 879 (7th Cir. 1996)).

Because the Court has dismissed Plaintiff's action on the pleadings, his companion Rule 59(e) motion is nevertheless governed by the same considerations controlling a Rule 15(a) motion to amend. *Lewis*, 2012 WL 12994979, at *1 (citing *Rosenzweig*, 332 F.3d at 864). These considerations include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Rosenzweig*, 332 F.3d at 864 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff raises nothing in his motions that would cause the undersigned to allow Plaintiff's proposed amendments or otherwise alter the final judgment. As detailed above, the Court overruled all of Plaintiff's objections and dismissed Plaintiff's claims as either barred by the Eleventh Amendment or as frivolous and/or for failure to state a claim for relief. He presents no additional allegations to suggest that he was not able to present them to the Court in a timely manner while his case was pending.

Because Plaintiff's proposed amendments would be futile for failure to state a claim for relief, he cannot establish entitlement to relief from the Court's final judgment under Rule 59(e).

## III. CONCLUSION

For the foregoing reason, it is respectfully recommended that Plaintiff's Rule 15(a) and Rule 59(e) motions (D.E. 27) be **DENIED**.

Respectfully submitted on December 15, 2022.

Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).